## Eric B. TREASTER d.b.a. Border Hill Mobile Home Park

v.

## RHODE ISLAND MOBILE AND MANUFACTURED HOME COMMISSION et al.

No. 93–475–M.P.

Supreme Court of Rhode Island.

June 6, 1994.

Kelly Fracassa, Westerly.

Jonathan Oster, Lincoln, Paul Foster, Cranston.

## ORDER

This case came before a hearing panel of this court for oral argument May 24, 1994, pursuant to an order that had granted a writ of certiorari to review a judgment of the Superior Court affirming a decision of the Rhode Island Mobile and Manufactured Home Commission (commission). The commission had modified a rental increase proposed by Eric B. Treaster d.b.a. Border Hill Mobile Home Park (park) that had created a ten-category classification of lots for rental purposes. This rental structure was challenged by Border Hill Community Association, Inc., a group of tenants of the park.

At the initial hearing on the challenge, a duly appointed member of the commission representing mobile park residents recused herself from hearing the case as a commissioner and proceeded, in effect, to prosecute the tenant-association's complaint before the commission. In so acting, the commission member violated the Rhode Island Code of Ethics in Government Act, G.L.1956 (1990 Reenactment) title 36 of chapter 14.

The statute clearly includes the commission within those entities required to comply with the ethics provisions, § 36–14–2(4)(a), as amended by P.L.1992, ch. 396, § 1, and the member in question is clearly subject to the provisions of § 36–14–2(2). The commission is not purely "advisory" but carries out its duties by monitoring, determining, investigating, educating, and conducting public hearings under the directives of G.L.1956 (1982 Reenactment) § 31–44–1.4, as amended by P.L.1993, ch. 309, § 1. The representative and specifically designated interests on this commission mirror those on a host of state boards and commissions, such as the State Planning Council, G.L.1956 (1993 Reenactment) § 42–11–10; the Fire Safety Code Board of Appeal and Review, G.L.1956 (1989 Reenactment) § 23–28.3–2; the Medical Advisory Board to the Registry of Motor Vehicles, § 31–10–44, as amended by P.L.1986, ch. 502, § 1; and the Board of Accountancy, G.L.1956 (1987 Reenactment) § 5–3–4, as amended by P.L.1992, ch. 391, § 1. Such commissions and boards are constituted by members designated to represent particular constituencies and are subsumed in the defi-

nition of "state agency" under § 36–14–2(4)(a).

The controlling statute is clear.

"(e) No person subject to this code of ethics shall:

(1) Represent him or herself before any state or municipal agency of which he or she is a member * * *.

(2) Represent any other person before any state or municipal agency of which he or she is a member." Section 36–14–5, as amended by P.L.1992, ch. 436, § 1.

The commission member in question is barred from representing herself or others before the commission of which she is a member. Therefore, the trial justice erred in upholding the commission's order.

Consequently, the petition for certiorari is granted. The judgment appealed from is vacated. The papers in the case are remanded to the Superior Court with our directions to order the commission to hold a hearing in conformity with the provisions of title 36 of chapter 14.

SHEA, J., did not participate.